UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DANIEL DEVLIN, | No. 2:13-cv-1288 TLN KJN PS |
| Plaintiff, | |
| v. | ORDER |
| HIS HOLINESS POPE FRANCIS, | |
| Defendant. | |

Plaintiff, who is proceeding without counsel, filed his complaint and an application to proceed in forma pauperis on June 27, 2013.[1]  (ECF Nos. 1-2.)  For the reasons stated below, the undersigned grants plaintiff's application to proceed in forma pauperis (ECF No. 2), but dismisses his complaint without prejudice.  Plaintiff shall have leave to file an amended complaint.

I.   Plaintiff's Application To Proceed In Forma Pauperis

Plaintiff requested leave to proceed in forma pauperis pursuant to 28 U.S.C. § 1915. Plaintiff's application and declaration (ECF No. 2) make the showing required by 28 U.S.C. § 1915(a)(1).  Accordingly, the undersigned grants plaintiff's request to proceed in forma pauperis.

////

////

---

[1] This case proceeds before the undersigned pursuant to Eastern District of California Local Rule 302(c)(21) and 28 U.S.C. § 636(b)(1).

1

II. <u>Screening Plaintiff's Complaint</u>

    a. *General Screening Standards*

The determination that a plaintiff may proceed in forma pauperis does not complete the required inquiry. The court is also required to screen complaints brought by parties proceeding in forma pauperis. <u>See</u> 28 U.S.C. § 1915(e)(2); <u>see</u> <u>also</u> <u>Lopez v. Smith</u>, 203 F.3d 1122, 1129 (9th Cir. 2000) (en banc). Pursuant to 28 U.S.C. § 1915(e)(2), the court is directed to dismiss a case filed pursuant to the in forma pauperis statute if, at any time, it determines that the allegation of poverty is untrue, the action is frivolous or malicious, the complaint fails to state a claim on which relief may be granted, or the action seeks monetary relief against an immune defendant.

A claim is legally frivolous when it lacks an arguable basis either in law or in fact. <u>Neitzke v. Williams</u>, 490 U.S. 319, 325 (1989); <u>Franklin v. Murphy</u>, 745 F.2d 1221, 1227-28 (9th Cir. 1984). The court may, therefore, dismiss a claim as frivolous if that claim is based on an indisputably meritless legal theory or if the factual contentions are clearly baseless. <u>Neitzke</u>, 490 U.S. at 327. The critical inquiry is whether a constitutional claim, however inartfully pled, has an arguable legal and factual basis. <u>See</u> <u>Franklin</u>, 745 F.2d at 1227.

In assessing whether a plaintiff's complaint fails to state a claim on which relief can be granted, the court adheres to "notice pleading" standards. <u>See, e.g.</u>, <u>Paulsen v. CNF, Inc.</u>, 559 F.3d 1061, 1071 (9th Cir. 2009). The notice pleading standards are codified, in part, in Federal Rule of Civil Procedure 8(a), which provides:

> (a) Claim for Relief. A pleading that states a claim for relief must contain:
>
> (1) a short and plain statement of the grounds for the court's jurisdiction, unless the court already has jurisdiction and the claim needs no new jurisdictional support;
>
> (2) a short and plain statement of the claim showing that the pleader is entitled to relief; and
>
> (3) a demand for the relief sought, which may include relief in the alternative or different types of relief.

Additionally, a complaint should be dismissed for failure to state a claim if it does not "contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its

face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id. The court accepts all of the facts alleged in the complaint as true and construes them in the light most favorable to the plaintiff. Autotel v. Nev. Bell Tel. Co., 697 F.3d 846, 850 (9th Cir. 2012); Corrie v. Caterpillar, 503 F.3d 974, 977 (9th Cir. 2007). The court is "not, however, required to accept as true conclusory allegations that are contradicted by documents referred to in the complaint, and [the court does] not necessarily assume the truth of legal conclusions merely because they are cast in the form of factual allegations." Paulsen, 559 F.3d at 1071 (citations and quotation marks omitted). The court must construe a pro se pleading liberally to determine if it states a claim and, prior to dismissal, must tell the plaintiff of deficiencies in the complaint and give the plaintiff an opportunity to cure those deficiencies if it appears at all possible that the plaintiff can do so. See, e.g., Lopez, 203 F.3d at 1130-31; see also Hebbe v. Pliler, 627 F.3d 338, 342 & n.7 (9th Cir. 2010) (stating that courts continue to construe pro se filings liberally even when evaluating them under the standard announced in Iqbal).

Federal courts are courts of limited jurisdiction. Vacek v. UPS, 447 F.3d 1248, 1250 (9th Cir. 2006). The plaintiff has the burden of establishing that subject matter jurisdiction is proper. Kokkonen v. Guardian Life Ins. Co., 511 U.S. 375, 377 (1994). A federal court has an independent duty to assess whether federal subject matter jurisdiction exists, whether or not the parties raise the issue. See United Investors Life Ins. Co. v. Waddell & Reed Inc., 360 F.3d 960, 967 (9th Cir. 2004) (stating that "the district court had a duty to establish subject matter jurisdiction over the removed action *sua sponte*, whether the parties raised the issue or not"); accord Rains v. Criterion Sys., Inc., 80 F.3d 339, 342 (9th Cir. 1996) ("federal courts are under an independent obligation to examine their own jurisdiction") (citation omitted). Federal district courts "may not grant relief absent a constitutional or valid statutory grant of jurisdiction," and "[a] federal court is presumed to lack jurisdiction in a particular case unless the contrary affirmatively appears." A-Z Int'l v. Phillips, 323 F.3d 1141, 1145 (9th Cir. 2003) (citations and quotation marks omitted). The court must *sua sponte* dismiss a case for lack of subject matter

3

jurisdiction.  See Fed. R. Civ. P. 12(h)(3) ("If the court determines at any time that it lacks subject matter jurisdiction, the court must dismiss the action."); see also Scholastic Entmt., Inc. v. Fox Entmt. Group, Inc., 336 F.3d 982, 989 (9th Cir. 2003).

   b.  *Allegations In Plaintiff's Complaint*

Plaintiff's complaint is two sentences long.  It reads, in its entirety: "This suit is for breach of contract.  I've proven my case[;] I want my ten percent."  (ECF No. 1 at 2.)  Plaintiff also attaches a civil cover sheet (ECF No. 1-1) demanding "ten percent [of] Vatican holdings" and checks various boxes indicating the "nature of suit" is one for "other contract," "other personal injury," "other personal property damage," and "all other real property," among other boxes.  None of the factual allegations in the pleading suggest why these boxes were checked.  Plaintiff also inexplicably checked the box for "federal question" jurisdiction.  (Id.)

   c.  *Plaintiff's Pleading Fails To Comply With Federal Rule Of Civil Procedure 8(a)*

Upon review of plaintiff's two-page complaint, the undersigned dismisses the complaint for failure to comply with the notice pleading standards described above, but grants plaintiff leave to file an amended complaint.  The deficiencies in the complaint are fundamental and preclude the court from ordering service of the complaint.

In short, plaintiff's complaint is currently unintelligible.  Plaintiff's complaint does not allege facts that state a claim upon which relief may be granted; indeed, the nature of plaintiff's "breach of contract" claim is entirely unclear, and while the complaint seeks "ten percent," the basis for such damages is inexplicable.  Fed. R. Civ. P. 8(a)(2)-(3).  The nature of the "case" that plaintiff has supposedly already "proven" is equally unclear.  The undersigned must inform plaintiff of the deficiencies in his pleading and give plaintiff a chance to correct them.  See Lopez, 203 F.3d at 1130-31.  Given these vague accusations and plaintiff's sweeping reference to a "breach of contract," however, the court can only guess at the claim(s) plaintiff might intend to allege, and can only guess at what factual allegations might form the basis of such claim(s).[2]

---

[2] "To succeed on a claim for breach of contract under California law, a plaintiff must plead and prove: (1) the existence of a contract; (2) plaintiff's performance or excuse for non-performance; (3) defendant's breach; and (4) damage to plaintiff resulting therefrom." Craigslist, Inc. v. Naturemarket, Inc., 694 F. Supp. 2d 1039, 1059 (N.D. Cal. 2010) (citing McKell v. Washington

1  Plaintiff must provide more factual allegations to the court in order to satisfy Federal Rule of
2  Civil Procedure 8 and to proceed with litigating his case.
3     Based on the foregoing, the undersigned dismisses plaintiff's complaint.  However,
4  plaintiff is granted leave to file an amended complaint that complies with Rule 8.  Such amended
5  pleading shall include allegations regarding the basis for this court's jurisdiction, and shall more
6  clearly describe what alleged conduct plaintiff believes gives rise to his claim(s).  Plaintiff shall
7  file an amended pleading within 45 days of the date of this order.  The amended pleading shall be
8  titled "First Amended Complaint."
9     Plaintiff is informed that the court cannot refer to prior pleadings in order to make an
10 amended complaint complete.  Eastern District Local Rule 220 requires that an amended
11 complaint be complete in itself.  This is because, as a general rule, an amended complaint
12 supersedes the original complaint.  See Loux v. Rhay, 375 F.2d 55, 57 (9th Cir. 1967) ("The
13 amended complaint supersedes the original, the latter being treated thereafter as non-existent.").
14 Accordingly, once a plaintiff files an amended complaint, the original complaint no longer serves
15 any function in the case.  Defendants not named in an amended complaint are no longer
16 defendants.  Ferdik v. Bonzelet, 963 F.2d 1258, 1262 (9th Cir. 1992).
17    Plaintiff is also hereby informed that he is obligated to comply with court orders and the
18 rules of litigation procedure, notwithstanding his status as a pro se litigant.  Eastern District Local
19 Rule 110 provides that "[f]ailure of counsel or of a party to comply with these Rules or with any
20 order of the Court may be grounds for imposition by the Court of any and all sanctions authorized
21 by statute or Rule or within the inherent power of the Court."  Moreover, Eastern District Local
22 Rule 183(a) provides, in part:

> Any individual representing himself or herself without an attorney is bound by the Federal Rules of Civil or Criminal Procedure, these Rules, and all other applicable law.  All obligations placed on "counsel" by these Rules apply to individuals appearing in propria persona. Failure to comply therewith may be ground for dismissal . . . or any other sanction appropriate under these Rules.

---

Mut., Inc., 142 Cal. App. 4th 1457, 1489 (2006)).  Should plaintiff wish to adequately allege a claim for breach of contract, his amended complaint must include factual allegations supporting each of these elements.

1  See also King v. Atiyeh, 814 F.2d 565, 567 (9th Cir. 1987) ("Pro se litigants must follow the
2  same rules of procedure that govern other litigants."). Case law is in accord that a district court
3  may impose sanctions, including involuntary dismissal of a plaintiff's case pursuant to Federal
4  Rule of Civil Procedure 41(b), where that plaintiff fails to prosecute his or her case or fails to
5  comply with the court's orders. See Chambers v. NASCO, Inc., 501 U.S. 32, 44 (1991)
6  (recognizing that a court "may act *sua sponte* to dismiss a suit for failure to prosecute"); Hells
7  Canyon Preservation Council v. U.S. Forest Serv., 403 F.3d 683, 689 (9th Cir. 2005) (stating that
8  courts may dismiss an action pursuant to Federal Rule of Civil Procedure 41(b) *sua sponte* for a
9  plaintiff's failure to prosecute or comply with the rules of civil procedure or the court's orders);
10 Ferdik, 963 F.2d at 1260 ("Pursuant to Federal Rule of Civil Procedure 41(b), the district court
11 may dismiss an action for failure to comply with any order of the court."), cert. denied, 506 U.S.
12 915 (1992); Thompson v. Housing Auth. of City of L.A., 782 F.2d 829, 831 (9th Cir. 1986) (per
13 curiam) (stating that district courts have inherent power to control their dockets and may impose
14 sanctions including dismissal), cert. denied, 479 U.S. 829 (1986). Accordingly, plaintiff's failure
15 to file an amended pleading by the deadline stated herein will result in a recommendation that this
16 action be dismissed.

17          d.  *No Statement Of The Grounds For This Court's Jurisdiction*

18         Plaintiff's pleading also fails to adequately allege any basis for this court's jurisdiction.
19 Fed. R. Civ. P. 8(a)(1) (requiring "short and plain statement of the grounds for the court's
20 jurisdiction"). Plaintiff checked the box for "federal question" jurisdiction on his civil case form.
21 (ECF No. 1-1.) Yet plaintiff does not clearly allege violations of federal statutes or the U.S.
22 Constitution.
23         District courts have federal question jurisdiction over "all civil actions that arise under the
24 Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. "A case 'arises under'
25 federal law either where federal law creates the cause of action or 'where the vindication of a
26 right under state law necessarily turn[s] on some construction of federal law.'" Republican Party
27 of Guam v. Gutierrez, 277 F.3d 1086, 1088-89 (9th Cir. 2002) (modification in original) (citing
28 Franchise Tax Bd. v. Constr. Laborers Vacation Trust, 463 U.S. 1, 8-9 (1983)). "[T]he presence

6

or absence of federal-question jurisdiction is governed by the 'well-pleaded complaint rule,' which provides that federal jurisdiction exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint." Provincial Gov't of Marinduque v. Placer Dome, Inc., 582 F.3d 1083, 1091 (9th Cir. 2009).

Plaintiff's pleading references a "breach of contract," which is typically a claim sounding in state common law. Accordingly, in his amended pleading plaintiff shall clarify whether he alleges a violation of federal law or the U.S. Constitution, and if he does, shall allege facts supporting such violation.

Aside from federal question jurisdiction, district courts also have diversity jurisdiction over "all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs," and the action is between: "(1) citizens of different States; (2) citizens of a State and citizens or subjects of a foreign state; (3) citizens of different States and in which citizens or subjects of a foreign state are additional parties; and (4) a foreign state . . . as plaintiff and citizens of a State or of different States." 28 U.S.C. § 1332(a). Generally, in an action where subject matter jurisdiction is premised on the diversity statute, there must be complete diversity of the parties, which means that all of the plaintiffs have a different state of citizenship than all of the defendants. See, e.g., Cook v. AVI Casino Enters., Inc., 548 F.3d 718, 722 (9th Cir. 2008).

Here, plaintiff appears to have a Sacramento address and names as a defendant the Pope in Vatican City, a foreign state, potentially satisfying the requirements for diversity jurisdiction. 28 U.S.C. § 1332(a)(2). However, plaintiff checked the box for "federal question" jurisdiction on his civil case form. (ECF No. 1-1.) Plaintiff's amended pleading shall clarify the basis upon which plaintiff believes this court has jurisdiction over this matter.

III.     CONCLUSION

For the foregoing reasons, IT IS HEREBY ORDERED that:

1. Plaintiff's application to proceed in forma pauperis (ECF No. 2) is granted.
2. Plaintiff's complaint is dismissed with leave to amend to correct the pleading deficiencies described herein. The amended pleading shall be titled "First

7

1 | Amended Complaint."

2 | 3. Plaintiff is granted 45 days from the entry of this order to file an amended
3 | complaint that is complete in itself. The amended complaint must bear the docket
4 | number assigned to this case and must be labeled "First Amended Complaint."
5 | 4. ***Failure to timely file an amended complaint in accordance with this order will***
6 | ***result in a recommendation that this action be dismissed.***
7 | IT IS SO ORDERED.
8 | Dated: July 26, 2013

_____
KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE